IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER H. WEST, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 16-941 (MN) |
| ROBERT COUPE, et al., | ) |
| Defendant. | ) |

# **MEMORANDUM OPINION**

Stephen A. Hampton, Esquire, Grady & Hampton, Dover, Delaware. Counsel for Plaintiff.

Ophelia Michelle Waters, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Robert Coupe.

Nicholas Robert Wynn, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendant Lezlie Sexton.

October 16, 2018
Wilmington, Delaware

NOREIKA, U.S. District Judge:

Plaintiff Christopher H. West, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. When he commenced this action, Plaintiff proceeded *pro se*. He is now represented by counsel. (D.I. 26). Defendant Lezlie Sexton ("Sexton") moves to dismiss on the grounds of improper service. (D.I. 22). Plaintiff moves to compel Sexton to produce her address or to provide the name and address of a person authorized to accept service on her behalf. (D.I. 25).[1]

I. **BACKGROUND**

On December 1, 2016, the Court screened the complaint, identified cognizable and non-frivolous clams, and entered a service order for Defendants. (D.I. 7). The service packets were forwarded to the United States Marshals Service ("USMS") pursuant to Fed. R. Civ. P. 4(c)(3). Sexton, who is identified as the mental health director for Connections Community Support Programs, Inc. ("Connections"), Delaware Department of Correction's mental health and medical care contractor, did not return the waiver of service as required by Fed. R. Civ. P. 4(d). (D.I. 11).

The Court issued a supplemental service order on March 20, 2017, Plaintiff complied with the order, and the Court issued a summons for the personal service of Sexton. (D.I. 15, 16). The service packet was forwarded to the USMS and Sexton's executed return of service was filed on the court docket indicating that the service packet was accepted by a Connections' employee on May 22, 2017. (D.I. 19). Thereafter, on June 12, 2017, Sexton moved for dismissal for insufficient service of process. (D.I. 22). It appears that in response to that motion, Plaintiff filed a motion to compel (D.I. 25) seeking an address at which to serve Sexton personally or the name and address of a person authorized to receive service of process on behalf of Sexton.

---

[1] Sexton has not responded to Plaintiff's motion.

1

## II. DISCUSSION

Sexton seeks dismissal on the grounds that she was not properly served because service was delivered to a receptionist for her employer who is not authorized to accept service on her behalf. (D.I. 22). The Court notes that Sexton did not waive service of summons as required by Rule 4 and did not provide good cause for her failure to waive service of summons. As a result, personal service was required. Plaintiff complied with all Court orders to serve Sexton. At the time, Plaintiff proceeded *pro se*, he had been granted leave to proceed *in forma pauperis*, and he relied upon the USMS to effectuate service.

The USMS delivered the service packet to the business address of Connections, Sexton's employer. The return indicates that Mr. McBride, who has been identified as Connections' receptionist, accepted the service packet. Sexton now states that the receptionist was not authorized to accept service on her behalf but there is no explanation why the service packet was accepted if the receptionist was not authorized to do so.

Under Rule 12(b)(5), the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the Court will deny the letter/motion to dismiss for insufficient service of process and grant Plaintiff's motion to compel.

Pursuant to Fed. R. Civ. P. 4(d), Sexton was required to waive service. She did not even though Rule 4(d) affirmatively imposes the "duty to avoid unnecessary expenses of serving the summons" upon the defendant. *Id.* If defendant "fails, without good cause, to sign and return [the] waiver" requested by plaintiff within a "reasonable time," the court "must impose on [defendant]":

(A) the "expenses later incurred in making service"; and (B) the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *See* Fed. R. Civ. P. 4(d)(1)(F), 4(d)(2)(A), 4(d)(2)(B). Considering the foregoing, Plaintiff will be given another opportunity to personally serve Sexton.

Finally, if the address where the receptionist accepted the service packet is not the correct address for service of Sexton, then Sexton shall advise the Court of the correct address to effect service. In the alternative, Sexton, as an employee of Connections, may opt for service via electronic notification as set forth in the memorandum of understanding between this Court and Connections effective April 9, 2018.

## III. CONCLUSION

For the above reasons, the Court will: (1) deny the motion to motion to dismiss (D.I. 22); (2) grant Plaintiff's motion to compel (D.I. 25); and (3) order Sexton to provide her correct service address or, in the alternative, she may opt for service via electronic notification.

An appropriate Order follows.